# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GTSI CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-545C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and avers as follows:

### Nature Of The Action[1]

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

### Jurisdiction And Timeliness

3. The allegations contained in paragraph 3 constitutes conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentences of paragraph 4.

---

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

The allegations contained in the third sentence of paragraph 4 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**The Parties**

5. Denies the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Denies. Avers that the defendant in this matter is the United States, acting through its independent regulatory agency, the Federal Election Commission ("FEC"). See 2 U.S.C. § 437c.

**Statement Of Relevant Facts**

7. The allegations contained in paragraph 7 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in the first two sentences of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first two sentences of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the

contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 12.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the Project Plan cited, which is the best evidence of its contents; otherwise denies the allegations in the second sentence of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 15.

**Module I – Work Assignment**

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in

paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations in paragraph 19.

20. Denies.

21. Denies.

22. Admits the allegations contained in the first sentence of paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 22. Denies the allegations contained in the second sentence of paragraph 22.

23. Admits that plaintiff eventually completed its performance obligations regarding Module 1 and delivered Module 1 to the FEC; otherwise denies the allegations contained in paragraph 23.

24. Admits that the FEC accepted delivery of Module 1 on or about September 30, 2005; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. Denies.

**Module 2 – Pre-Review Preparation And Report**

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Denies.

33. Denies.

34. Admits that the FEC accepted delivery of Module 2 on or about September 30, 2005; otherwise denies the allegations contained in paragraph 34.

35. Denies.

36. Denies.

**<u>Module 3 – Electronic Report Review</u>**

37. Admits the allegations contained in paragraph 37 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 38.

39. Denies the allegations contained in the first sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 39.

40. Denies the allegations contained in the first sentence of paragraph 40. Admits the allegations contained in the second sentence of paragraph 40 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 40. The allegations contained in the third sentence of paragraph 40 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies.

42. Admits the allegations contained in the first sentence of paragraph 42. Denies the allegations contained in the second sentence of paragraph 42.

43. Admits that representatives of plaintiff and its subcontractor met with FEC representatives in or around April 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 43.

44. Admits that representatives of plaintiff and its subcontractor met with FEC representatives on or about May 20, 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 44.

45. Admits that representatives of plaintiff and its subcontractor met with FEC representatives in or around June 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 45.

46. Admits that plaintiff's representatives communicated with FEC representatives concerning the scope of work for Module 3 of the contract in the several months following June 2004; otherwise denies the allegations contained in paragraph 46. Denies the allegations concerning plaintiff's research contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

47. Admits that plaintiff's representatives and FEC representatives communicated extensively about the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 47.

48. Admits that a contract modification that extended the period of performance for Module 3 was issued; otherwise denies the allegations contained in paragraph 48.

**Module 4 – Letter Generation, Response Tracking, and Record Keeping**

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits that plaintiff submitted its design and requirements documents for Module 4 on or about June 1, 2004, and that the FEC accepted plaintiff's design and requirements documentation for Module 4 on or about September 8, 2004; otherwise denies the allegations

contained in paragraph 52.

53. Denies the allegations contained in the first sentence of paragraph 53. Denies the allegations contained in the second sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Admits that the FEC issued a stop work order in December 2005; otherwise denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

**Module 5 – Management Reports**

55. Denies the allegations contained in paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Admits the allegations contained in paragraph 56 to the extent supported by the contract between the parties; which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57. Admits the allegations contained in paragraph 57 to the extent supported by the contract cited; which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58. Admits that plaintiff submitted its design and requirements documentation for Module 5 to the FEC on or about November 1, 2004; otherwise denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

**GTSI Performs Contract Requirements**

60. Admits that plaintiff's representatives met with FEC representatives throughout the duration of the contract; otherwise denies the allegations in paragraph 60.

61. Denies.

62. Denies.

63. Admits that on or about March 4, 2005, plaintiff's representative, Cheryl Bell, sent a letter to the FEC. Further admits the allegations contained in paragraph 63 to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. Admits that the FEC denied plaintiff's request for additional funding and directed plaintiff to continue performing the contract after extensive communication and correspondence between the parties throughout March and April, 2005, which culminated in the April 25, 2005 cure notice; otherwise denies the allegations contained in paragraph 64.

65. Admits that the FEC issued a cure notice to plaintiff on April 25, 2005 and admits the allegations contained in the first sentence of paragraph 65 to the extent supported by the cure notice, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 65. Further admits that FEC representatives invited plaintiff's representatives to discuss how plaintiff could cure the conditions endangering performance under the contract; otherwise denies the allegations contained in the second sentence of paragraph 65.

66. Admits that on September 8, 2005, after extensive negotiations between the parties, a Remedy Plan, was adopted by the parties, and admits the allegations contained in the first sentence of paragraph 66 to the extent supported by the Remedy Plan, which is the best

evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 66. Further admits that FEC Deputy Staff Director Anthony Scardino sent a letter, dated August 26, 2005, to plaintiff, and admits the allegations contained in the second sentence of paragraph 66 to the extent supported by this letter, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 66.

67. Admits the allegations contained in paragraph 67 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 67.

68. Admits the allegations contained in paragraph 68 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. Denies the allegations contained in the first sentence of paragraph 69. Admits the allegations contained in the second sentence of paragraph 69 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 69.

70. Admits the allegations contained in paragraph 70 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the

Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 74.

75. Admits.

76. Admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 76. The allegations contained in the second sentence of paragraph 76 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. Denies.

78. Denies.

79. Admits that plaintiff submitted at least one deliverable after the parties agreed to the Remedy Plan; otherwise denies the allegations contained in paragraph 79.

80. Denies.

81. Admits that a FEC representative sent an e-mail to a representative of plaintiff on or about October 21, 2005, and avers that the e-mail is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Admits the allegations contained in the first sentence of paragraph 82 to the extent supported by the contract modifications, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 82. Denies the allegations contained in the second sentence of paragraph 82 concerning plaintiff's cost overruns for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations contained in the second sentence of paragraph 82.

**FEC Improperly Terminates GTSI's Contract For Cause**

83. Admits that a stop work order was issued to plaintiff on or about December 1, 2005; otherwise denies the allegations contained in paragraph 83.

84. Denies.

85. Admits that plaintiff eventually submitted documentation relating to unfinished work; otherwise denies the allegations contained in paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

86. Admits that the FEC sent a show cause notice to plaintiff on or about December 29, 2005, and further admits that it issued a stop work order on or about December 1, 2005; otherwise denies the allegations contained in paragraph 86.

87. Denies.

88. Admits that the FEC issued a notice of termination for cause and further admits the allegations contained in the second sentence of paragraph 88 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 88. Denies the remaining allegations contained in paragraph 88.

89. Denies.

90. Admits the allegations contained in the first sentence of paragraph 90. Denies the remaining allegations contained in paragraph 90.

91. Denies.

92. Denies.

93. Denies.

94. Admits that plaintiff submitted a certified claim to the FEC on or about March 8, 2006 and further admits the allegations contained in paragraph 94 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 94.

95. Admits.

**Count I**
**<u>FEC Breach Of Contract</u>**

96. Defendant's responses to paragraphs 1 through 95 of the complaint are incorporated by reference.

97. Denies.

98. The allegations contained in paragraph 98 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99. Admits that the FEC issued a stop work order and a show cause notice; otherwise denies the allegations contained in paragraph 99.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be

deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Prayer For Relief**

103. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 102, or to any relief whatsoever.

104. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

JOHN C. VERGELLI
Attorney
Office of General Counsel
Federal Election Commission
999 E Street, N.W.
Washington, D.C. 20463

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed
December 4, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad