**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GTSI CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-545 C |
| | ) | (Hon. Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), and following the parties' January 22, 2007 joint meeting, GTSI Corp. ("Plaintiff" or "GTSI") and the United States ("Defendant") respectfully submit the following Joint Preliminary Status Report.

A. Jurisdiction

Plaintiff indicates that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

B. Consolidation

On January 18, 2007, GTSI filed a supplemental claim with the Contracting Officer ("CO") of the Federal Election Commission ("FEC"), which pertains to the government contract that is at issue in this litigation. The CO is to issue her final decision on that claim by not later than March 19, 2007. If the CO denies the claim, it is anticipated that the Plaintiff will appeal the CO's final decision and move this Court to consolidate that claim with this action.

C. Bifurcation

Assuming the case proceeds to trial, the parties are not presently aware of any reason why this case should be bifurcated.

D. Deferral

At present, the parties are not aware of any reason that this case should be deferred.

E. Remand/Suspension

The parties in this matter do not request that this action be remanded or suspended at this time.

F. Joinder

Neither party seeks to join additional parties at this time, and do not presently anticipate the need to do so.

G. Dispositive Motions

One or both parties may move for summary judgment in this matter pursuant to Rule 56. The deadline for such motion is set forth below.

H. Relevant Issues

The FEC in this matter awarded Contract No. FE-3-AC-0055 (the "Contract") to GTSI in 2003. Over the next two years, the FEC and GTSI worked together to perform and deliver the Contract requirements. There were significant delays in the Contract, which required numerous Contract modifications.

The final Contract modification incorporated new contract terms and a period of performance to end on March 1, 2006. Ultimately, the FEC issued a stop work order to GTSI on December 1, 2005, and terminated the Contract for default on February 14,

2006. GTSI thereafter filed the instant action with the Court. Plaintiff believes that the predominant issue in this matter is whether the FEC improperly terminated its contract with GTSI when it issued GTSI a termination for default.

Defendant believes that the predominant issue in this matter is whether GTSI was making adequate progress towards satisfaction of its contractual obligations at the time of the default termination; or whether GTSI had fallen so far behind schedule that the FEC had adequate grounds for concluding that there was no reasonable likelihood that GTSI could complete performance within the modified contract deadlines.

The parties will be conducting discovery in this matter very shortly and through that process, the parties will be able to further define the factual issues and obtain additional information and documents reflecting their positions in the case.

I. Settlement

The parties will continue to consider the possibility of an amicable resolution of this matter as discovery proceeds.

J. Trial

As noted above, one or both parties may move for summary judgment. If dispositive motions are not submitted, or if any such motions are not completely dispositive of this action, the parties anticipate that this case will proceed to trial. The parties do not request expedited trial scheduling. The parties anticipate that the trial in this matter will take place in Washington, D.C.

K. Electronic Case Management

The parties at the early meeting of counsel specifically discussed the preservation of electronic evidence, and will work together with respect to the exchange of electronic

information in the case. The parties otherwise have no special issues regarding electronic case management needs at this time.

L. Additional Information

On April 27, 2006, the FEC awarded a reprocurement contract to Bearing Point, LLC. The Government anticipates that the reprocurement contract will be completed by late Spring 2007. At that time, the CO may issue a final decision seeking reprocurement costs from GTSI.

M. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, document production requests, requests for admissions, depositions and subpoenas *duces tecum* as may be appropriate in the case. The parties agree to propose the following discovery schedule:

| | |
|---|---|
| *Exchange of Initial Disclosures*: | February 16, 2007 |
| *Plaintiff's Rule 26(a) Expert Witness Report(s)*: | July 2, 2007 |
| *Defendant's Rule 26(a) Expert Witness Report(s)*: | August 15, 2007 |
| *Plaintiff's Rule 26(a) Expert Rebuttal Report(s)*: | September 7, 2007 |
| *Conclusion of Fact and Expert Discovery*: | October 12, 2007 |
| *Deadline for Filing Dispositive Motions*: | November 13, 2007 |

There is one aspect of discovery to which the parties do not agree. The Government wishes to add a requirement that Plaintiff provide a preliminary expert witness disclosure (containing the expert(s) name(s), curriculum vitae, and the topics

upon which he or she may testify) by May 15, 2007; and for the Government to provide a preliminary expert witness disclosure with the same contents by June 15, 2007. The Government requests this additional deadline so that it may have time to locate an appropriate expert to rebut plaintiff's proposed expert, and have time to seek internal approval for that expert. GTSI respectfully disagrees with adding such a requirement, as it is not provided for under the Rules and the established procedures and agreed deadlines would provide adequate notice of any expert designation.

Respectfully Submitted:

/s/ Seth C. Berenzweig
Seth C. Berenzweig, Esq.
ALBO & OBLON, LLP
Courthouse Plaza
2200 Clarendon Boulevard
Suite 1201
Arlington, Virginia 22201
Ph: (703) 312-0410
Fax: (703) 312-0415

*Counsel for Plaintiff*

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
for Bryant G.Snee
BRYANT G. SNEE
Assistant Director

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Ph: (202) 616-2279
Fax: (202) 305-7643

OF COUNSEL:

COLLEEN T. SEALANDER
Assistant General Counsel

HOLLY J. BAKER
Attorney
Federal Election Commission
999 E Street, N.W.
Washington, D.C. 20463

*Counsel for Defendant*

Electronically Filed:
January 25, 2007