**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GTSI CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-545 C |
| | ) | (Hon. Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1. Until further Order of this Court, all specific documents, testimony, interrogatory responses and other information disclosed in this action (collectively "Discovery Information") shall be handled in accordance with this Order, except that this Order does not affect the rights of the producing or disclosing party regarding the use or other disclosure of its own Discovery Information.

2. "Confidential information" as used herein, means any specific information or document produced or disclosed by either party designated as confidential in the manner specified in this Order, including information that is contained in specific documents produced or made available, testimony taken in depositions, tangible things produced or made available, exhibits, interrogatory answers, and responses to requests for admissions. Confidential Information includes but is not limited to source selection information as that term is defined in FAR 2.101, and contractor bid or proposal information as that term is defined in FAR 3.104-1.

3. Any person or entity subject to discovery in this action may designate any Discovery Information it produces or discloses as "Confidential Information" pursuant to Paragraphs 4 and 5 below.

4. Any Discovery Information produced in this action may be specifically designated as “Confidential Information” by stamping or marking – “Confidential” – on the first page of a document where such Confidential Information is contained (or on the portion(s) thereof that are designated as “Confidential Information” if the entire document is not designated as confidential) or by separate notification that the Discovery Information, or portions thereof, is “Confidential Information” at the time of production, or within five (5) business days of production. All Discovery Information shall initially be treated as if designated “Confidential Information” during the initial five (5) business day period following its production in the case.

5. (a). Any oral testimony, including any transcript of such testimony or related exhibit, given by or on behalf of a party, may be designated as “Confidential Information” by any party or the witness by so designating either (i) on the record at the time of the testimony or (ii) by separate written notification within ten (10) business days after receipt by the party or witness of the transcript of the testimony. All transcripts and testimony shall be treated as if designated as “”Confidential” until the expiration of such ten (10) business day period.

(b). If testimony is designated as “Confidential” on the record, the court reporter shall mark the face of the transcript and the designated portion therein containing the designated testimony “Confidential.”

6. Discovery Information designated as “Confidential” shall be afforded the protective procedures that are set forth in this Order and provided only to “Qualified Persons” as defined below. Each Qualified Person shall maintain Confidential Information in confidence and shall not reveal any such information to any person who is not a Qualified Person without prior written consent of counsel for the other party or an order by the Court authorizing such disclosure. Confidential Information shall be used only for purposes of this litigation (not in or

for any other administrative, judicial, legislative, or other proceeding) and shall not be disclosed, given, discussed or otherwise divulged or communicated to any person except as provided herein.

7. "Qualified Person" as used herein means (a) named parties to this litigation including their senior control group employees; (b) inside and outside counsel for such parties, and employees of such counsel specifically assisting with this litigation, (c) any expert witnesses consulted or retained by either party for the purposes of assisting counsel in the prosecution or defense of this litigation; and (d) the Court and Court personnel, including Court Reporters.

8. In the event either party disagrees with any designation of Discovery Information as "Confidential" by the other party pursuant to this Confidentiality Agreement, or considers it necessary to disclose Confidential Information to a person who is not a Qualified Person, counsel for the party seeking disclosure shall notify opposing counsel in writing. The parties shall confer and make a diligent good faith effort to resolve the matter informally. If they are unable to do so, an application may be made to the Court for a determination whether particular documents or

other information should be treated as Confidential or whether the disclosure of the information shall be permitted. The information in question shall be treated as Confidential, subject to terms of this Confidentiality Order, until any such dispute is resolved (either by agreement of counsel for the parties or by an Order of the Court).

9. Notwithstanding other terms of this Confidentiality Order, counsel for Plaintiff and counsel for Defendant may, in the course of deposing a person who is not a Qualified Person, show the witness information designated as Confidential and examine the witness concerning such information, provided that the witness is informed that the information is

confidential and is instructed that, pursuant to Court Order, such confidentiality must be maintained in accordance with this Order.

10. Confidential Information disclosed under this Confidentiality Order may be copied only to the extent necessary to permit its use in accordance with the terms of this Order. At the conclusion of the proceedings before this Court and any related appeals, every qualified person or any other person (except Court and Government personnel) shall (i) promptly destroy all notes, summaries, attorney work product, and other documents quoting or describing Confidential Information and/or (ii) return the documents containing Confidential Information to the party from which the information was received, except that any documents and copies containing attorney work product shall be destroyed. Provided that the documents are marked confidential and are properly secured, counsel for each private party may retain one copy of any documents filed with the Court that contain Confidential Information. Any documents containing Confidential Information retained by the Government shall be securely stored, not disclosed, and shall only be used by the Government for the purposes of this litigation and any related appeals.

11. Briefs, appendices, exhibits, transcripts, and other documents filed with the Court that quote, paraphrase, or otherwise disclose Confidential Information shall be filed under seal and labeled "Confidential Information To Be Disclosed Only In Accordance With U.S. Court Of Federal Claims Protective Order," or with substantially similar language, beneath the caption on the first page of each filing. All such filings shall be Confidential Information. Either party may, pursuant to paragraph 8 above, request that the Court review such filed Confidential Information and rule that it should not be maintained under seal.

12. A Qualified Person may disclose Confidential Information in open court, but only if notice is first given so that all appropriate precautions may be taken.

13. If a party in possession of Discovery Information designated as "Confidential" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give timely written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party within three business days. In the event that a subpoena, demand or request purports to require production of such Discovery Information on less than ten (10) day's notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request to the attorneys for the producing or disclosing party.

14. This Confidentiality Order becomes effective upon first execution thereof by the parties (prior to submittal to the Court), and may be amended by a stipulation or subsequent agreed order submitted to and so ordered by the Court or, if the parties are unable to agree, by the Court on application of a party.

15. This Confidentiality Order shall be binding on all Qualified Persons. It is enforceable by any sanctions deemed appropriate by the Court.

16. The terms of this Confidentiality Order shall survive and remain in full force and effect during discovery and after the termination of this lawsuit, including any appeals, until the provisions of Paragraph 10 have been satisfied. The execution of this Order shall not be construed as a waiver of any underlying objection(s) to a discovery request issued in the case.

17. This Confidentiality Order may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

The foregoing is agreed to and stipulated by plaintiff and the United States through their counsel.

ENTERED THIS ____ day of _________________, 2007.

_______________________________________________

HON. LAWRENCE J. BLOCK, JUDGE