**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GTSI CORP., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-545 C<br>Hon. Lawrence J. Block |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW GTSI Corp., ("Plaintiff" or "GTSI"), through its undersigned counsel, pursuant to Rules 7(a) of the U.S. Court of Federal Claims, and moves this Court for entry of an Order granting it leave to file the attached Amended Complaint ("Exhibit A") against Defendant United States ("Defendant"), acting through the Federal Election Commission ("FEC").

**Preliminary Statement**

Just recently, the FEC Contracting Officer issued a final decision denying a second claim that Plaintiff submitted to the FEC under Contract Number FE-3-AC-0055 ("the Contract"). Plaintiff's second claim arose out of the same conduct, transaction and occurrence as the first claim, which Plaintiff's initial complaint appealed. Defendant does not oppose Plaintiff's Motion for Leave to Amend. Moreover, this Motion for Leave does not prejudice Defendant, and amending the Complaint will serve the interest of expeditious justice.

**Background Facts**

This matter originally arose out of the Contract between the Plaintiff and the FEC. Plaintiff was terminated for cause on February 14, 2006 from the Contract and submitted a certified claim to the FEC Contracting Officer on or about March 8, 2006. Plaintiff's certified

claim asserted that the termination for cause was improper and sought to have the termination for cause converted into at termination for convenience. Plaintiff also sought $476,452.77 for work it performed under the Contract.

On or about July 7, 2006, the FEC Contracting Officer denied the Plaintiff's claim. Plaintiff timely appealed this denial with this Court and filed its Complaint on or about July 28, 2006; the Defendant filed its Answer on or about December 4, 2006. Subsequently, Plaintiff filed a second related claim with the FEC Contracting Officer on or about January 18, 2007, which the FEC contracting officer denied in a final decision on or about March 22, 2007. Plaintiff and Defendant discussed the possibility of Plaintiff amending its Complaint during the first meeting of counsel in January 2007. Plaintiff and Defendant expressly provided for this situation in its Joint Preliminary Status Report ("JPSR") filed January 25, 2007, and Plaintiff has addressed the Amended Complaint with counsel for the Defendant. Defendant's counsel has advised that it does not oppose Plaintiff's Motion.

**Standard of Review**

Rule 15(a) of the United States Court of Federal Claims Rules of Procedure provides that a pleading may be amended by leave of court and requires that "leave shall be freely given when justice so requires." Fed. Cl. R. Civ. P. 15(a). Rule 15(a) "is identical to Federal Rule of Civil Procedure 15(a) and case law construing the latter may be used to interpret the former." Principal Life Ins. v. United States, 75 Fed. Cl. 32, 33 n.1 (2007). Rule 15(a) should be given a liberal interpretation consistent with its purpose so as to provide the moving party the maximum opportunity to have his claims decided on the merits rather than on procedural technicalities. See Foman v. Davis, 371 U.S. 178, 181-182 (1962). Amendments should be permitted under Rule 15(a) unless: (1) it would cause undue delay; (2) the moving party is acting in bad faith; (3) there

has been repeated failure to cure deficiencies by amendments previously allowed; (4) the non-moving party would be unduly prejudiced; and (5) amendment would be futile. Id.

**Argument**

The Court should grant Plaintiff's Motion for Leave to Amend in this case. First, amending the Complaint would not cause undue delay; rather, it would expedite this matter because it would consolidate two claims which may be appealed to and decided by this Court. Second, the Plaintiff is not moving to amend its Complaint in bad faith because Plaintiff has not only communicated its intent to amend the Complaint to the Defendant, Plaintiff has also shared its proposed Amended Complaint with the Defendant prior to filing this Motion. Third, Plaintiff has not moved this Court to file amended pleadings, nor has Plaintiff amended its Complaint prior to this motion. Fourth, the Defendant would not be prejudiced by the Amended Complaint because the Plaintiff and Defendant discussed the possibility of an Amended Complaint in January 2007 at the first meeting of counsel and provided for this situation in the JPSR. Moreover, Plaintiff has consulted with Defendant regarding the Amended Complaint, and the Defendant does not oppose this Motion. Finally, the amendment to the original Complaint would not be futile because it adds the appeal of a final decision issued by the FEC Contracting Officer on claim that may be rightfully brought before this Court. Since this matter is still in its relatively early stage, the Defendant will have ample time to address and explore the additional claim in discovery.

## Conclusion

Based upon the foregoing, Plaintiff GTSI Corp. respectfully requests that the instant Motion for Leave to file the attached Amended Complaint be granted.

Respectfully submitted,

s/ Seth C. Berenzweig

Seth C. Berenzweig, Esq.
Sarah T. Zaffina, Esq.
ALBO & OBLON, L.L.P.
2200 Clarendon Blvd.
Suite 1201
Arlington, VA 22201
Telephone: (703) 312-0410
Facsimile: (703) 312-0415

*Counsel for GTSI Corp.*

Dated: March 30, 2007
(Electronically Filed)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2007, a true copy of Plaintiff's Memorandum in Support of its Motion for Leave to File Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Seth C. Berenzweig
Seth C. Berenzweig