IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GTSI CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-545C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

For its answer to the amended complaint, defendant admits, denies, and avers as follows:

**Nature Of The Action**[1]

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Jurisdiction And Timeliness**

4. The allegations contained in paragraph 4 constitute conclusions of law, and

[1] The complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5. The allegations contained in the second and third sentences of paragraph 5 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph 6. The allegations contained in the second and third sentences of paragraph 6 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**The Parties**

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits.

**Statement Of Relevant Facts**

9. The allegations contained in paragraph 9 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in the first two sentences of paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first two sentences of paragraph 12. Admits the allegations contained in the third sentence of paragraph 12 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in the third sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 14.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the Project Plan cited, which is the best evidence of its contents; otherwise denies the allegations in the second sentence of paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 17.

**Module I – Work Assignment**

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations in paragraph 21.

22. Denies.

23. Denies.

24. Admits the allegations contained in the first sentence of paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24.

25. Admits that plaintiff eventually delivered Module 1 to the FEC. The remaining allegations in paragraph 25 constitute conclusions of law, to which no response is required; to the extent they may deemed allegations of fact, they are denied.

26. Admits that the FEC accepted delivery of Module 1 on or about September 30,

2005; otherwise denies the allegations contained in paragraph 26.

27. Denies.

28. Denies.

**Module 2 – Pre-Review Preparation And Report**

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Denies.

35. Denies.

36. Admits that the FEC accepted delivery of Module 2 on or about September 30, 2005; otherwise denies the allegations contained in paragraph 36.

37. Denies.

38. Denies.

**Module 3 – Electronic Report Review**

39. Admits the allegations contained in paragraph 39 to the extent supported by the contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Denies the allegations contained in the first sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 41.

42. Denies the allegations contained in the first sentence of paragraph 42. Admits the allegations contained in the second sentence of paragraph 42 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 42. The allegations contained in the third sentence of paragraph 42 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies.

44. Admits the allegations contained in the first sentence of paragraph 44. Denies the allegations contained in the second sentence of paragraph 44.

45. Admits that representatives of plaintiff and its subcontractor met with FEC

representatives in or around April 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 45.

46. Admits that representatives of plaintiff and its subcontractor met with FEC representatives on or about May 20, 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 46.

47. Admits that representatives of plaintiff and its subcontractor met with FEC representatives in or around June 2004, to discuss the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 47.

48. Admits that plaintiff's representatives communicated with FEC representatives concerning the scope of work for Module 3 of the contract in the several months following June 2004; otherwise denies the allegations contained in paragraph 48. Denies the allegations concerning plaintiff's research contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49. Admits that plaintiff's representatives and FEC representatives communicated extensively about the scope of work for Module 3 of the contract; otherwise denies the allegations contained in paragraph 49.

50. Admits that a contract modification that extended the period of performance for Module 3 was issued; otherwise denies the allegations contained in paragraph 50.

**Module 4 – Letter Generation, Response Tracking, and Record Keeping**

51. Denies the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Admits the allegations contained in paragraph 52 to the extent supported by the

contract between the parties, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54. Admits that plaintiff submitted its design and requirements documents for Module 4 on or about June 1, 2004, and that the FEC accepted plaintiff's design and requirements documentation for Module 4 on or about September 8, 2004; otherwise denies the allegations contained in paragraph 54.

55. Denies the allegations contained in the first sentence of paragraph 55. Denies the allegations contained in the second sentence of paragraph 55 for lack of knowledge or information sufficient to form a belief as to their truth.

56. Admits that the FEC issued a stop work order in December 2005; otherwise denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

**Module 5 – Management Reports**

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Admits the allegations contained in paragraph 58 to the extent supported by the contract between the parties; which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59. Admits the allegations contained in paragraph 59 to the extent supported by the

contract cited; which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. Admits that plaintiff submitted its design and requirements documentation for Module 5 to the FEC on or about November 1, 2004; otherwise denies the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

**GTSI Performs Contract Requirements**

62. Admits that plaintiff's representatives met with FEC representatives throughout the duration of the contract; otherwise denies the allegations in paragraph 62.

63. Denies.

64. Denies.

65. Admits that on or about March 4, 2005, plaintiff's representative, Cheryl Bell, sent a letter to the FEC. Further admits the allegations contained in paragraph 65 to the extent supported by that letter, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66. Admits that the FEC denied plaintiff's request for additional funding and directed plaintiff to continue performing the contract after extensive communication and correspondence between the parties throughout March and April, 2005, which culminated in the April 25, 2005 cure notice; otherwise denies the allegations contained in paragraph 66.

67. Admits that the FEC issued a cure notice to plaintiff on April 25, 2005 and admits the allegations contained in the first sentence of paragraph 67 to the extent supported by the cure

notice, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 67. Further admits that FEC representatives invited plaintiff's representatives to discuss how plaintiff could cure the conditions endangering performance under the contract; otherwise denies the allegations contained in the second sentence of paragraph 67.

68. Admits that on September 8, 2005, after extensive negotiations between the parties, a Remedy Plan, was adopted by the parties, and admits the allegations contained in the first sentence of paragraph 68 to the extent supported by the Remedy Plan, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 68. Further admits that FEC Deputy Staff Director Anthony Scardino sent a letter, dated August 26, 2005, to plaintiff, and admits the allegations contained in the second sentence of paragraph 68 to the extent supported by this letter, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 68.

69. Admits the allegations contained in paragraph 69 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in paragraph 70 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. Denies the allegations contained in the first sentence of paragraph 71. Admits the allegations contained in the second sentence of paragraph 71 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 72.

73. Admits the allegations contained in paragraph 73 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 73.

74. Admits the allegations contained in paragraph 74 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 74.

75. Admits the allegations contained in paragraph 75 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 75.

76. Admits the allegations contained in paragraph 76 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 76.

77. Admits the allegations contained in paragraph 77 to the extent support by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 77.

78. Admits the allegations contained in the first sentence of paragraph 78 to the extent supported by the Remedy Plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 78. The allegations contained in the second sentence of paragraph 78 constitute conclusions of law, to which no response is required;

to the extent they may be deemed allegations of fact, they are denied.

79. Denies.

80. Denies.

81. Admits that plaintiff submitted at least one deliverable after the parties agreed to the Remedy Plan; otherwise denies the allegations contained in paragraph 81.

82. Denies.

83. Admits that a FEC representative sent an e-mail to a representative of plaintiff on or about October 21, 2005, and avers that the e-mail is the best evidence of its contents; otherwise denies the allegations contained in paragraph 83.

84. Admits the allegations contained in the first sentence of paragraph 84 to the extent supported by the contract modifications, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 84. Denies the allegations contained in the second sentence of paragraph 84 concerning plaintiff's cost overruns for lack of knowledge or information sufficient to form a belief as to their truth. Denies the remaining allegations contained in the second sentence of paragraph 84.

**<u>FEC Improperly Terminates GTSI's Contract For Cause</u>**

85. Admits that a stop work order was issued to plaintiff on or about December 1, 2005; otherwise denies the allegations contained in paragraph 85.

86. Denies.

87. Admits that plaintiff eventually submitted documentation relating to unfinished work; otherwise denies the allegations contained in paragraph 87 for lack of knowledge or information sufficient to form a belief as to their truth.

88. Admits that the FEC sent a show cause notice to plaintiff on or about December 29, 2005, and further admits that it issued a stop work order on or about December 1, 2005; otherwise denies the allegations contained in paragraph 88.

89. Denies.

90. Admits that the FEC issued a notice of termination for cause and further admits the allegations contained in paragraph 90 to the extent supported by the notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 90.

91. Denies.

92. Admits the allegations contained in the first sentence of paragraph 92. Denies the remaining allegations contained in paragraph 92.

93. Denies.

94. Denies.

95. Denies.

96. Admits that plaintiff submitted a certified claim to the FEC on or about March 8, 2006, and further admits the allegations contained in paragraph 96 to the extent supported by the certified claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 96.

97. Admits that the contracting officer denied GTSI's claim on July 7, 2006. The remaining allegations in paragraph 97 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. Admits that plaintiff submitted a second claim to the FEC on January 18, 2007, and further admits the allegations contained in paragraph 98 to the extent supported by the claim

cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 98.

99. Admits that the contracting officer denied GTSI's second claim on March 22, 2007. The remaining allegations in paragraph 99 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**Count I**
**FEC Breach Of Contract**

100. Defendant's responses to paragraphs 1 through 99 of the amended complaint are incorporated by reference.

101. Denies.

102. The allegations contained in paragraph 102 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. Admits that the FEC issued a stop work order and a show cause notice; otherwise denies the allegations contained in paragraph 103.

104. The allegations contained in paragraph 104 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 constitute conclusions of law, to

which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT II**
**FEC Breach of Contract**

107. Defendant's response to paragraphs 1 through 106 of the amended complaint are incorporated by reference.

108. Denies.

109. Denies.

110. The allegations contained in paragraph 110 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

111. The allegations contained in paragraph 111 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112. Denies.

113. Admits that the FEC did send GTSI a letter on April 25, 2005; otherwise denies the allegations contained in paragraph 113.

114. Admits the allegations contained in paragraph 114 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 114.

115. Denies.

116. Denies.

117. The allegations contained in paragraph 117 constitute conclusions of law and

plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

118. Admits that the FEC issued a stop work order; otherwise denies the allegations contained in paragraph 118.

119. The allegations contained in paragraph 119 constitute conclusions of law and plaintiff's characterization of it case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

120. The allegations contained in paragraph 120 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

121. The allegations contained in paragraph 121 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

122. The allegations contained in paragraph 122 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

123. The allegations contained in paragraph 123 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## Prayer For Relief

124. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 123, or to any relief whatsoever.

125. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Deputy Director

OF COUNSEL:

HOLLY J. BAKER
Attorney
Office of General Counsel
Federal Election Commission
999 E Street, N.W.
Washington, D.C. 20463

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2279
Fax: (202) 305-7643

electronically filed
April 26, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2007, a copy of the foregoing "DEFENDANT'S ANSWER TO AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad